**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Michael D. Karaschak**
**Stacey D. Karaschak**
   Debtor(s)

Bankruptcy Case No.: 17–20812–CMB
Issued Per May 8, 2017 Proceeding
Chapter: 13
Docket No.: 21 – 16
Concil. Conf.: September 7, 2017 at 01:00 PM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.)  PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 31, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐  A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐  B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑  C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. ***A final plan conciliation conference will be held on Sep. 7, 2017 at 01:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.*** If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐  D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐  E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐  F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐  G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑  H.    Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE
ESTABLISHED:*

**A.        Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* ***IT IS FURTHER ORDERED THAT:***

**A.**　　　After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**　　　Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**　　　Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**　　　Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**　　　The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**　　　In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Carlota M. Böhm, Judge
United States Bankruptcy Court

Dated: May 12, 2017

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 17-20812-CMB
Michael D. Karaschak                                            Chapter 13
Stacey D. Karaschak
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: jhel              Page 1 of 2            Date Rcvd: May 12, 2017
                              Form ID: 149            Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 14, 2017.
```
db/jdb      +Michael D. Karaschak,   Stacey D. Karaschak,   424 S. Summit Street,   Derry, PA 15627-1438
14393271    +Comenity Capital,   PO Box 182120,   Columbus, OH 43218-2120
14393272     Excela Medical Group,   520 Jefferson Avenue, Suite 400,   Latrobe, PA 15650
14393276    +FNB Consumer Discount Company,   PO Box 1150,   Hermitage, PA 16148-0150
14393273     Fingerhut,   PO Box 166,   Newark, NJ 07101-0166
14393274    +First National Bank,   6291 US 30,   Greensburg, PA 15601-7597
14393275     First Premier Bank,   P.O. Box 5529,   Sioux Falls, SD 57117-5529
14393278    +KML Law Group, P.C.,   Suite 5000 - BNY Independence Center,   701 Market Street,
              Philadelphia, PA 19106-1538
14393279    +Latrobe Family Health Center,   One Mellon Way,   Latrobe, PA 15650-1197
14393280    +Latrobe Hospital,   121 W. 2nd Avenue,   Latrobe, PA 15650-1068
14374960    +Nationstar Mortgage,   PO Box 619094,   Dallas, TX 75261-9094
14376006    +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14415092    +Stoneberry,   c/o Creditors Bankruptcy Service,   P.O. Box 800849,   Dallas, TX 75380-0849
14393285     Stoneberry,   PO Box 2822,   Monroe, WI 53566-8022
14393287     Verizon Wireless,   PO Box 15124,   Albany, NY 12212-5124
14393286    +Verizon Wireless,   PO Box 26055,   Minneapolis, MN 55426-0055
14393289    +Westmoreland Hospital,   532 W. Pittsburgh Street,   Greensburg, PA 15601-2282
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14393270      E-mail/PDF: gecsedi@recoverycorp.com May 13 2017 00:30:48      Care Credit,   POB 960061,
               Orlando, FL 32896-0061
14393277      E-mail/PDF: gecsedi@recoverycorp.com May 13 2017 00:30:48      JCPenney,   PO Box 960090,
               Orlando, FL 32896-0090
14393281     +E-mail/Text: bkr@cardworks.com May 13 2017 00:33:30      Merrick Bank,   POB 1500,
               Draper, UT 84020-1500
14393282     +E-mail/Text: bkr@cardworks.com May 13 2017 00:33:30      Merrick Bank Corp.,
               10705 S Jordan Gtwy, Suite 200,   South Jordan, UT 84095-3977
14393284      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 13 2017 00:30:51
               Portfolio Recovery,   120 Corporate Blvd.,   Norfolk, VA 23502
14400511      E-mail/Text: bnc-quantum@quantum3group.com May 13 2017 00:33:41
               Quantum3 Group LLC as agent for,   Comenity Capital Bank,   PO Box 788,
               Kirkland, WA  98083-0788
14393288     +E-mail/Text: bnc-bluestem@quantum3group.com May 13 2017 00:34:18      Webbank/Fingerhut,
               6250 Ridgewood Rd.,   Saint Cloud, MN 56303-0820
                                                                            TOTAL: 7
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           NATIONSTAR MORTGAGE LLC
cr*         +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14393283*   +Nationstar Mortgage,   PO Box 619094,   Dallas, TX 75261-9094
                                                                            TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2017                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 12, 2017 at the address(es) listed below:
```
        James  Warmbrodt   on behalf of Creditor   NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
        Matthew M. Herron   on behalf of Debtor Michael D. Karaschak mmh@thedebtdoctors.com,
         hgs@thedebtdoctors.com;alb@thedebtdoctors.com
        Matthew M. Herron   on behalf of Joint Debtor Stacey D. Karaschak mmh@thedebtdoctors.com,
         hgs@thedebtdoctors.com;alb@thedebtdoctors.com
        Office of the United States Trustee   ustpregion03.pi.ecf@usdoj.gov
```

District/off: 0315-2           User: jhel              Page 2 of 2              Date Rcvd: May 12, 2017
                              Form ID: 149             Total Noticed: 24

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                              TOTAL: 5